IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE HARVEY BARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:24-cv-538-RAH-CSC ) (WO) |
| TRACY JACKSON, et al., | ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 26, 2024, Plaintiff George Harvey Barrett, an inmate incarcerated at the Elmore County Jail in Wetumpka, Alabama, filed a pro se action to assert claims under 42 U.S.C. § 1983. Doc. 1. Barrett did not remit the filing and administrative fees or apply for leave to proceed *in forma pauperis*—one of which is necessary to proceed in a civil action. On August 28, 2024, the court entered an order directing Barrett to either pay the $405 filing and administrative fees by September 11, 2024, or, by that same date, file a properly completed application for leave to proceed *in forma pauperis* accompanied by his prison account statement from the account clerk at the Elmore County Jail. Doc. 3. In that order, the court specifically cautioned Barrett that his failure to comply with the order's directives could result in a recommendation that his case be dismissed. *Id*. at 2.

As of the date of this Recommendation, Barrett has not submitted the filing and administrative fees or an *in forma pauperis* application and financial information in compliance with the court's order of August 28, 2024. The undersigned thus concludes that Barrett's case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835,

837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It also empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

The undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the above, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **October 23, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the court. The parties are advised that this Recommendation is not a final order and therefore is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of October, 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE